HAMILTON, J.
On September 23, 1913, plaintiff in error was granted a divorce from defendant in error, together with permanent alimony in the sum of six dollars per week, by the insolvency court o.f Hamilton county, Ohio.
On June 9, 1916, defendant in error, defendant below, filed a motion in that court to modify the alimony decree, and upon the hearing of said motion the court sustained the same and modified the decree b yterminating the alimony.
The plaintiff, plaintiff in error here, prosecutes error to this court.
The only question urged by counsel for defendant in error is: Can the trial court, upon the granting of a divorce, decree alimony by way of payment of a specified sum per week? It is *95 not claimed that the decree should be modified on account of any changed conditions justifying same.
In the instant case a divorce was granted Virginia Lape with a decree for alimony as follows:
“The plaintiff is hereby allowed as reasonable permanent alimony the sum of sis ($6) dollars per week beginning September 13, 1913, and payable on each Saturday thereafter.”
It will be noted that the decree did not provide that the payments should be made “Until the further order of the court,” and it is therefore not subject to modification, if legally authorized under the statute, unless changed conditions on the part of either or both of the parties were shown to exist justifying such modification.
The law is well settled that jurisdiction to decree alimony is such, and such only, as is given by statute. This is true whether the action is one for divorce and alimony, or for alimony only. The power in the court to decree alimony where a divorce is granted the wife for aggression of the husband, is provided for by Sec. 11990 G. C., which is as follows:
“When a divorce is granted because of the husband’s aggression, by force of the judgment the wife shall be restored to all her lands, tenements and hereditaments, not previously disposed of, and the husband barred of all right of dower therein. If she so desires the court shall restore to her any name she had before such marriage, and allow such alimony out of her husband’s property as it deems reasonable, having due regard to property which came to him by marriage and the value of his real and personal estate at the time of the divorce. ’ ’
The method of payment of “such alimony” is provided for by Sec. 11991 G. C., as follows:
“Such alimony may be allowed in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or installments as the court deems equitable. If the wife survives her husband, she also shall be entitled to her right of dower in real estate not allowed to her as alimony, of which she was seized during the coverture, and in which she has not relinquished her right of dower.”
It will be seen from a plain reading of Sec. 11990, that where a divorce is granted the wife on account of the aggression *96 of the husband alimony can be allowed only out of her husband’s property owned by him at the time of the granting of the divorce, and can not be based upon future personal earnings or future wages. Future personal earnings or future wages can not be considered as property, as was held in Home Discount Co., In re, 147 Fed., 538-548. The fourth paragraph of the syllabus in this case contains the following language:
“A bankrupt’s right to earn wages in the future and dispose of the fruits of his labor is not ‘Property’ as that term is used in Bankr. act, July 1, 1898, Chapt. 541, paragraph 70, 30 Stat. 565, vesting all the bankrupt’s property not exempt in his trustee,” etc.
Bouvier’s Law Dictionary defines “property” as “The right and interest which a man has in lands and chattels to the exclusion of others.”
Also, the same authority gives:
“Property is said to be real and personal property.”
It is therefore plain that by no stretch of the imagination, nor by any strained construction of the term “property,” could it be claimed that future personal earnings or future wages come within the meaning of the term “property” as used in the statute.
It is urged that the case of Frickel v. Granger, 83 Ohio St. 101 [93 N. E. 527-32 L. R. A. (N. S.) 270; 21 Ann. Cas. 1347], supports the proposition that it is within the jurisdiction of the court to base a decree for alimony on future personal earnings and future wages. “We do not so construe that case. The first paragraph of the syllabus is as follows:
“Alimony is not due and payable as debt, damages or penalty; but is an award by the court upon consideration of equity and public policy and is founded upon the obligation, which grows out of the marriage relation, that the husband must support his wife, which obligation continues after legal separation without her fault.’'’
This proposition is entirely reconcilable with the view that a decree for alimony must be based on property owned by the husband, at the time of the granting of the divorce.
The court decided what alimony was, and why it was pro *97 vided, and finds that under the marriage relation there remains an obligation on the part of the husband after the dissolution of the marriage contract, which obligation is to the effect that the wife after divorce should not be turned out into the world penniless while the husband retained all of their joint accumulation, but that the obligation continued after legal separation, to the extent that the court could by a decree by way of alimony permit the wife to take away with her such part of her husband’s property as the court might deem equitable and proper.
It follows that a decree for alimony to the wife, where a divorce is granted because of the aggression of the husband, must be based on property owned by the husband at the time of the granting of the divorce; and that a decree for alimony based on future personal earnings or future wages is not authorized under the statute.
We are of the opinion that, having granted to the wife a divorce on account of the aggression of the husband, and finding the husband to have property out of which alimony may be decreed, the court under Sec. 11991 G. C., has jurisdiction to order such alimony paid in weekly payments or other installments as it may deem proper. We hold that decreeing a specified sum to be paid each week is decreeing a sum of money within the meaning of the statutes. In such cases, the jurisdiction of the court is continuing and ambulatory in its nature, and a decree for weekly payments of a specified sum is as effectual as if a new decree for such specified sum was entered separately each week upon a -weekly application during the continuance of the decree.
In the instant case the trial court at the time of granting the divorce had power to decree alimony by way of payment of a specified sum each week, provided the court found the husband to be possessed of property out of which the sum was allowed. The record discloses that at the hearing of the application to modify the decree, it was admitted that at the time of the original hearing of the case the husband was possessed of both real and personal property, but the record does not disclose what *98 iacts with reference to this property were shown to the trial court, and in the absence of anything in the record to show the contrary it will be presumed that the court proceeded according to law and found the husband to be possessed of property out of which alimony could be legally decreed.
The judgment modifying the decree and discontinuing the alimony will be reversed and held for naught.
Jones and Gorman, JJ., concur.